UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAVED WILLIAMS,

                         Plaintiff,

-against-

ERNIE TROPICAL JERK & SEAFOOD CENTER,
INC., and NORMAN FRATER,

                        Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 15-4710 (JFB)(ARL)

**LINDSAY, Magistrate Judge:**

      This matter was referred to the undersigned by District Judge Bianco for the purpose of issuing a report and recommendation to address the appropriate relief to be awarded to Plaintiff Javed Williams ("Plaintiff" or "Williams"). Plaintiff has submitted a memorandum of law and the declarations of Matthew Weinick and Javed Williams, along with exhibits, in support of his motion. Despite having been served with the motion, Defendants Ernie Tropical Jerk & Seafood Center ("Tropical Jerk") and Norman Frater ("Frater") (collectively, "Defendants") have not submitted papers in opposition to the motion. Based upon the evidence submitted, the undersigned recommends that Plaintiff be awarded damages in the following amounts $155,667.37 in overtime and spread-of-hours wages; $210,984.49. in liquidated damages; prejudgment interest of $18,000.84; post-judgment interest and attorney's fees and costs totaling $7,415.

**BACKGROUND**

      The following facts are taken from the complaint as well as the motion for default judgment and the exhibits attached to the motion. Tropical Jerk owns and operates two restaurants, (i) in Nassau County, New York and (ii) in Queens County, New York which employ

more than 15 employees and earn more than $500,000 in revenue per year. Compl. ¶ 5. Defendants' employees, including Plaintiff, engaged in interstate commerce, as they handle goods, such as food, money and credit card payments, that are moved in interstate commerce.[1] *Id.* ¶ 7. Frater is the owner and principal of Tropical Jerk who had the authority to hire and fire employees and had the ability to set employees' pay. *Id.* ¶ 6.

Plaintiff is a former employee of Defendants who was hired as a food server in September 2010. *Id.* ¶ 8. In this position Plaintiff took orders and served food to patrons. *Id.* ¶ 9. In December of 2012, Plaintiff was assigned an assistant chef position where his primary duty was acting as a line cook. *Id.* ¶¶ 20-21. As such, Plaintiff's primary duties never consisted of performing managerial work or required the exercise of discretion. *Id.* ¶ 22. In addition, Plaintiff never regularly supervised or directed the work of two or more full-time employees. *Id.*

The complaint sets forth specific allegations as to the number of hours worked by Plaintiff for specified dates. Essentially, the Plaintiff worked more than forty hours per week and was not paid overtime compensation for hours worked past forty. In addition, Plaintiff routinely worked more than ten hours per day and did not receive spread-of-hours compensation for these shifts.

Based on the foregoing allegations, Plaintiff commenced this action on August 12, 2015 seeking to recover unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law §§ 190 *et seq.* ("NYLL"). DE 1. The complaint asserts that Defendants' failure to pay the required compensation was done willfully and with a

---

[1] A business qualifies as an "enterprise" under FLSA where it "has employees engaged in commerce or in the production of goods for commerce, or . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has an "annual gross volume of sales made or business done [that] is not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

2

reckless indifference to Plaintiffs' rights.

Tropical Jerk and Frater were both served with the Summons and Complaint on August 21, 2015 DE 6-7. Defendants have not interposed an Answer or otherwise responded to the Complaint. Plaintiff moved for entry of default and on October 14, 2015, the Clerk of the Court certified Defendants' default based upon their failure to answer or otherwise appear in this action. DE 10. On November 23, 2015, Plaintiff filed the instant motion for a default judgment. DE 11. By Order dated January 7, 2016, Judge Bianco granted the motion for default judgment and referred the remaining portion of the motion to the undersigned to address the issue of damages and other relief sought by Plaintiff. DE 15. Defendants have not responded in any way.

## DISCUSSION

### A. Legal Standard Governing Defaults

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true."). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default

3

judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159. Here, as noted above, Judge Bianco has already granted Plaintiff's motion for a default judgment. Accordingly, the Court proceeds directly to damages.

## B. Damages

While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages. *Greyhound*, 973 F.2d at 158. Therefore, once a party's default as to liability is established, a plaintiff still must prove damages. *Id.*

### 1. Overtime and Spread-of-Hours Wages

"'Generally, an employee-plaintiff under the FLSA 'has the burden of proving that [s]he performed work for which [s]he was not properly compensated.'"*Berrezueta v. Royal Crown Pastry Shop, Inc.*, No. 12-CV-4380, 2013 WL 6579799, at * 3 (E.D.N.Y. Dec. 16, 2013) (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 293-94 (E.D.N.Y. 2011)). "However, the employer bears the burden under state and federal law of maintaining records of the employees' wages, hours, and other conditions of employment."[2] *Id.* (citing 29 U.S.C. § 211(c) (2006); N.Y. Lab. Law. § 196-a(a)). Where, as here, Defendants have defaulted and have deprived Plaintiff of the necessary employment records and hampered his ability to prove damages, the Court may

---

[2] Defendants are "employers" within the meaning of the FLSA. *See* 29 U.S.C. § 203(d).

4

credit Plaintiff's testimony and estimates regarding his employment and calculate damages on that basis. *See id.; see also Jemine v. Dennis*, 901 F. Supp. 2d 365, 376 (E.D.N.Y. 2012) ("[W]here the employer has defaulted, [as here, the employees'] recollection and estimate of hours worked are presumed to be correct.") (citation and internal quotation marks omitted).

The Court has reviewed Plaintiff's calculations and finds them to be accurate and complete. Accordingly, the undersigned recommends that Williams be awarded $155,667.37 in overtime and spread-of-hours wages.[3]

### 2. Liquidated Damages

The FLSA and the New York Labor Law both allow for the payment of liquidated damages. Under the FLSA, plaintiff is entitled to liquidated damages in an amount equal to one hundred percent of the unpaid overtime wages, unless the employer is able to show it acted in good faith. *See Pineda-Herrera v. Da-Ar-Da, Inc.*, No. 09-CV-5140, 2011 WL 2133825, at *4 (E.D.N.Y. May 26, 2011). Plaintiff is also entitled to recover twenty-five percent of unpaid overtime as liquidated damages for the overtime compensation awarded under the NYLL, *see Santillan*, 822 F. Supp. 2d at 297, and effective April 9, 2011, an additional 100% of unpaid wages, *see* Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a). Here, an award of liquidated damages is appropriate because Defendants have defaulted and thus not carried their burden of demonstrating good faith. *Berrezueta*, 2013 WL 6579799, at *5.

---

[3] Under both federal and state law, Plaintiff is entitled to overtime wages at a rate of 150 percent of his regular wage for any week in which he worked more than forty hours. 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-14. In addition, "'New York law requires an employer to pay an employee for one additional hour at the minimum hourly wage for any day in which the employee works over ten hours.'" *Berrezueta*, 2013 WL 6579799, at *5 (quoting *Siemieniewicz v. CAZ Contracting Corp.*, No. 11 CV 0704, 2012 WL 5183375, at *12 (Sept. 21, 2012), *report and recommendation adopted as modified on other grounds by*, 2012 WL 5183000 (E.D.N.Y. Oct. 18, 2012)) (citing N.Y. Lab. Law §§ 650-665).

"Although '[d]istrict courts in this circuit have disagreed as to whether a plaintiff may secure cumulative awards of liquidated damages under both statutes,' the majority view is that prevailing plaintiffs may recover liquidated damages under both the FLSA and the NYLL." *Id.* at *6. The rationale behind this is that "each statute seeks to vindicate a different type of wrong." *Hernandez v. NJK Contractors, Inc.*, No. 09-CV-4812, 2015 WL 1966355, at *47 (E.D.N.Y. May 1, 2015). "FLSA liquidated damages are compensatory whereas NYLL liquidated damages are punitive." *Id.* In fact, this Court has previously found that an award of liquidated damages under both statutes is appropriate. *See Sanchez v. Viva Nail N.Y. Inc.*, No. 12-cv-6322, 2014 WL 869914, at *5 (E.D.N.Y. Mar. 5, 2014). Although there is, as one court has described, "an emerging trend towards denying a cumulative recovery of liquidated damages," *Herrera v. Tri-State Kitchen and Bath, Inc.*, No. 14-CV-1695, 2015 WL 1529653, at *12 (E.D.N.Y. Mar. 31, 2015), because Plaintiffs' application is uncontested, I recommend following the majority view and awarding liquidated damages under both federal and state law for unpaid wages. The Court therefore respectfully recommends that Williams be awarded additional liquidated damages in the amount of $79,867.37, Plaintiff's actual damages from August 2012 through the end of his employment, under the FLSA, and $131,117.12 under the NYLL, for a total of $210,984.49.

### 3.     Interest

#### i.     Pre-Judgment Interest

"While prejudgment interest may not be awarded in addition to liquidated damages for violations of the FLSA, . . . the Second Circuit has awarded prejudgment interest for violations of state wage laws." *Hernandez*, 2015 WL 1966355, at *50 (citing *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999)). Plaintiffs are therefore entitled to prejudgment interest on their NYLL award at a statutory rate of 9% per year. N.Y. C.P.L.R. 5004. "[W]hen a plaintiff

has received an award of federal liquidated damages, he is 'entitled to an award of prejudgment interest only on unpaid wages and spread of hours pay for which liquidated damages pursuant to the FLSA were not assessed.'" *Rosendo v. Everbrighten Inc.*, No. 13cv7256, 2015 WL 1600057, at *6 (S.D.N.Y. Apr. 7, 2015) (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011)), *report and recommendation adopted by*, 2015 WL 4557147 (S.D.N.Y. July 28, 2015). Accordingly, "Plaintiffs can recover prejudgment interest only on those claims for which no federal liquidated damages have been awarded." *Id.* Here, those claims are limited to Plaintiffs' claim for overtime earned prior to August 12, 2012.[4] *Id.*; *see also Gonzalez v. Jane Roe Inc.*, No. 10 CV 1000, 2015 WL 4662490, at *5 (E.D.N.Y. July 15, 2015) (calculating prejudgment interest on lost earnings accrued prior to accrual of FLSA limitations period), *report and recommendation adopted as modified on other grounds by*, 2015 WL 4681151 (E.D.N.Y. Aug. 6, 2015).

When, as here, "damages were incurred over a period of time, interest may be calculated from the date damages were incurred or upon all of the damages from a single reasonable intermediate date." *Hernandez v. Punto y Coma Corp.*, No. 10 Civ. 3149, 2013 WL 4875074, at *9 (E.D.N.Y. Sept. 11, 2013). "The midpoint of plaintiffs' employment is a reasonable intermediate date for purposes of calculating prejudgment interest." *Id.*

Based on the complaint and declarations, the Court estimates the midpoint of Plaintiffs' employment as January 15, 2013. The principal amount that Williams is owed in unpaid state overtime prior to August 12, 2012 is $67,098.75. A 9% annual interest rate applied to

---

[4] As noted above, the statute of limitations for FLSA claims involving willful violations is three years and six years under the NYLL. The complaint here was filed on August 12, 2015.

7

$67,098.75 divided by 365 = $16.54 daily rate of interest, times 1088 days[5] = $18,000.84 in pre-judgment interest. I respectfully recommend that Plaintiff be awarded pre-judgment interest in the amount of $18,000.84.

### ii. Post-Judgment Interest

Plaintiff is entitled to post-judgment interest "from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). Accordingly, I recommend that Plaintiff be awarded post-judgment interest on its monetary award, to be calculated pursuant to 28 U.S.C. § 1961(a).

### 4. Attorneys' Fees and Costs

#### i. Attorneys' Fees

Plaintiff also seeks attorneys' fees and costs. The FLSA and the NYLL provide for recovery of reasonable attorneys' fees and costs by successful plaintiffs. See 29 U.S.C. § 216(b) (2006); N.Y. Lab. Law §§ 198(1–a), (1–d), 663 (McKinney 2009). A fee applicant "bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records." *Santillan,* 822 F. Supp. 2d at 299 (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147–48 (2d Cir. 1983)).

In calculating a fee award, the court must first establish a reasonable hourly rate, which is "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,* 522 F.3d 182, 184 (2d Cir. 2008). Reasonable hourly rates are determined by reference to, inter alia, fees in the community in which the action is

---

[5] January 15, 2013 through January 7, 2016, the date of entry of the default judgment, amounts to 1088 days.

pending and to "prevailing market rates for attorneys of similar expertise providing comparable services." *Siemieniewicz*, 2012 WL 5183375, at *15 (citing *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)). Courts have broad discretion to assess the reasonableness of each component of a fee award. *Id.*

Plaintiff has requested an hourly rate of $350 for both Matthew Weinick and Peter Famighetti. Both Mr. Weinick and Mr. Famighetti, are experienced attorneys and partners at the Firm. Their experience is primarily in employment litigation where Mr. Weinick has practiced for seven years and Mr. Famighetti for fifteen years respectively. Weinick Decl. ¶¶ 13, 20. Courts in this district regularly award hourly rates ranging from $300 to $400 for experienced attorneys in FLSA cases. *See Siemieniewicz*, 2012 WL 5183375, at *15; *see also Fermin v. La Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 52 (E.D.N.Y. 2015) (awarding a $350 hourly rate to an attorney in an FLSA default judgment); *Maldonado v. Landzign Corp.*, No. 15 Civ. 3054, 2016 WL 4186815, at *5 (E.D.N.Y. July 14, 2016) (approving a $375 hourly rate which is a "slightly greater fee award than a typical default judgment motion" in an FLSA case). Accordingly, I find the hourly rate of $350 requested for Mr. Weinick and Mr. Famighett reasonable and in line with rates awarded in this area to counsel with comparable experience.

Next, the court must assess whether the hours expended by Plaintiff's counsel were reasonable, and exclude any hours that were "'excessive, redundant, or otherwise unnecessary' to the litigation." *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). In support of the application, Plaintiff's counsel submitted contemporaneous time records and declarations setting forth their qualifications. Plaintiff requests attorney's fees for a total of 20.90 hours of work by two attorneys, representing 19.90 hours of work by Mr. Weinick and 1.00 hour

9

of work by Mr. Famighetti. In the FLSA and NYLL default judgment context, up to 44.93 hours have been held to be reasonable in this district. *Apolinar v. Glob. Deli & Grocery, Inc.*, No. 12 Civ. 3446 (RJD)(VMS), 2013 WL 5408122, at *16 (E.D.N.Y. Sept. 25, 2013). In a comparable case, twenty-two hours were sufficient to obtain a default judgment. *See Fermin*, 93 F. Supp. 3d at 52. Plaintiff's counsel spent a total of 20.90 hours litigating this case. Upon review, the record supports that Plaintiff's motion for default judgment, legal memorandum with supporting calculations were detailed, thorough, and accurate, and the work performed was reasonable and thoroughly documented. Accordingly, I respectfully recommend that Plaintiff's counsel be awarded $7,315 in attorney's fees.

### ii. Costs

Prevailing plaintiffs in an FLSA or NYLL action are entitled to recover costs from defendants. 29 U.S.C. § 216(b) (2006); N.Y. Lab. Law § 663(1). Plaintiff requests costs in the amount of $400 representing the filing fee to commence this action. This amount is reasonable. Accordingly, I respectfully recommend that Plaintiff be awarded $400 in costs.

### OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for Plaintiff shall serve a copy of this Report and Recommendation on the Defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly*

*v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       August 22, 2016

                                                      _____S/_____
                                                      ARLENE R. LINDSAY
                                                      United States Magistrate Judge