FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 09 2016 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAVED WILLIAMS,

                Plaintiff,

-against-

ERNIE TROPICAL JERK & SEAFOOD
CENTER, INC. and NORMAN FRATER,

                Defendants.
-------------------------------------------------------------X

ORDER
15-CV-4710 (JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Lindsay recommending that the Court award damages in the following amounts: $155,667.37 in overtime and spread-of-hours wages; $210,984.49 in liquidated damages; pre-judgment interest of $18,000.84; and post-judgment interest and attorney's fees and costs totaling $7,415.00.

The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, dated August 22, 2016, at 11.) The date for filing any objections has since expired, and neither party has filed any objection to the R&R. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R, with the exception of the attorney's fees and costs sum, which the Court calculates to be $7,715.00[1], and awards damages in the following amounts: $155,667.37 in overtime and spread-of-hours wages; $210,984.49 in liquidated damages; pre-judgment interest of $18,000.84; post-judgment interest on the monetary award, calculated pursuant to 28 U.S.C. § 1961(a); and attorney's fees and costs totaling $7,715.00.

Where there are no objections, the Court may adopt the report and recommendation without *de*

---

[1] The R&R calculates the total for attorney's fees and costs to be $7,415.00. However, the R&R recommends awarding attorney's fees in the amount of $7,315 and fees in the amount of $400. Accordingly, the correct total for fees and costs is $7,715.00.

*novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although both parties have waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R, with the adjustment to the award for attorney's fees and costs noted above, and awards damages in the following amounts: $155,667.37 in overtime and spread-of-hours wages; $210,984.49 in liquidated damages; pre-judgment interest of $18,000.84; post-judgment interest on the monetary award, calculated pursuant to 28 U.S.C. § 1961(a); and attorney's fees and costs totaling $7,715.00.

SO ORDERED

_____
Joseph F. Bianco
United States District Judge

Dated: September 9, 2016
Central Islip, New York